**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Alejandro Perez-Frometa,** | ) | **CASE NO. 4:26 CV 1478** |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **vs.** | ) | |
| **Attorney General,** | ) | **Memorandum Opinion and Order** |
| **Respondent.** | ) | |

## INTRODUCTION

This matter is before the Court upon petitioner Alejandro Perez-Frometa's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner seeks review of his detention by Immigration and Customs Enforcement during his removal proceedings. For the reasons that follow, the Petition for Writ of Habeas Corpus is DENIED.

## BACKGROUND

Petitioner Alejandro Perez-Frometa ("Petitioner") is a native of Cuba. Petitioner entered the United States on September 15, 2023, at the Hidalgo, Texas Port of Entry. The United States charged Petitioner as someone who was not in possession of proper entry documents at the time of his application for admission, issued him a Notice to Appear, and paroled him into the United States pending removal proceedings. In March 2025, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). Following a court hearing on April 9, 2026, Petitioner was ordered removed to Ecuador. Petitioner appealed his removal to the Board of Immigration Appeal

("BIA"). On July 2, 2026, BIA dismissed the appeal as untimely. Nothing in the record indicates that he appealed the BIA's decision to the Sixth Circuit. Accordingly, Petitioner's order of removal became final on July 2, 2026.

Around September 1, 2026, Petitioner was transported to the Hidalgo, Texas Port of Entry for third-country removal to Mexico via foot. Petitioner was being removed to Mexico instead of Ecuador as specified in the April 9, 2026 removal order because ICE was unable to facilitate his removal to Ecuador. Petitioner, however, refused to comply with ICE officers and enter Mexico.[1] Thereafter, he was placed back in detention at the Mahoning Country Jail. On September 27, 2026, Petitioner's 90-day Post Order Custody Review was completed and a determination was made to continue detention as ICE believes that there is a significant likelihood of removal to a third country in the reasonably foreseeable future.

**DISCUSSION**

Through his Petition, Petitioner challenges his continued detention by Respondent[2] without a bond hearing. Once an order of removal becomes final, the Immigration and Nationality Act

---

[1] Petitioner filed his Petition on June 29, 2026. Respondent filed a response and moved to dismiss the Petition on July 8, 2026. On September 8, 2026, Respondent erroneously informed this Court that Petitioner had been removed and his Petition was moot. After the Court received a letter from Petitioner on September 21, 2026, indicating otherwise, it ordered Respondent to clarify Petitioner's status. Respondent informed the Court of its error, and the Court reopened the Petition on October 1, 2026, for review on the merits.

[2] Petitioner named the United States Attorney General as the Respondent in his Petition. A writ of habeas corpus may only be issued by the person having custody of the detainee. Here, that person is the Field Office Director for the United States Immigration and Customs Enforcement Agency ("ICE"). *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Accordingly, this Court substitutes the Attorney General for the Detroit Field Office Director. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

(INA) obligates the Attorney General to affect the removal within 90 days. 8 USC § 1231(a)(1)(A). During the 90-day removal period, the person ordered removed must be held in custody. *Id.* § 1231(a)(2). Section 1231(a)(6) permits the detention of certain persons beyond the initial 90-day statutory "removal period" in order to effectuate removal if he/she is inadmissible (under 8 USC § 1182), removable (under certain provisions of 8 USC § 1227) or has been determined to be a risk to the community or unlikely to comply with the order of removal. 8 USC § 1231(a)(6).

Rather than authorizing "indefinite detention," this statute has been read to "limit[ ] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. So, while detention beyond the 90-day period may not continue indefinitely, the Supreme Court held that six months (from the date the order of removal becomes final) is a presumptively reasonable period of detention to secure a person's removal from the United States. *Id.* at 700-01. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner's order of removal became final on July 2, 2026. His detention for the four months since then falls short of the Supreme Court's six-month cutoff of presumptive reasonableness. Further, Petitioner has not articulated any reason to believe that his removal is not likely in the reasonably foreseeable future. Accordingly, Petitioner has not established that his post-final-order detention is unlawful at this time. But if Petitioner remains detained for more than six months after his removal order became final, and he can provide good reason to believe that there is

no significant likelihood of removal in the reasonably foreseeable future, he may file a new petition for this Court's review.

**CONCLUSION**

For all the aforementioned reasons, Alejandro Perez-Frometa's Petition for a Writ of Habeas Corpus (Doc. 1) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 11/19/2026